UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> RONALD IRVING VAILS, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:21-cr-00109-GMN-VCF-1 <br><br> **ORDER** |

Pending before the Court is Defendant Ronald Irving Vails's ("Defendant's") Motion for Compassionate Release, (ECF No. 48). The Government filed a Response, (ECF No. 52). Defendant did not file a Reply.[1]

For the reasons discussed below, the Court **DENIES** the Motion for Compassionate Release.

**I.     BACKGROUND**

On September 22, 2021, Defendant pleaded guilty to Count 1 of the Indictment: Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* Mins. Proceedings, Change of Plea, ECF No. 33); (*see also* Indictment, ECF No. 1). On November 29, 2021, this Court sentenced Defendant to 30 months imprisonment with 36 months of supervision. (*See* J., ECF No. 45). Defendant is presently in custody at U.S.P. Beaumont, and he petitions this Court for compassionate release. (*See generally* Mot. Compassionate Release ("MCR"), ECF No. 48).

//

//

---

[1] Defendant's Counsel also filed a Notice of Non-Supplementation, indicating that no supplementation is necessary. (Notice of Non-Supplementation at 1, ECF No. 50).

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a term of imprisonment in limited circumstances, upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; and (2) "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must also consider whether a reduction in sentence is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* While there is currently no applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant, "the Sentencing Commission's statements in U.S.S.G § 1B1.13," which apply to § 3582(c)(1)(A) motions filed by the Bureau of Prisons ("BOP"), "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. April 8, 2021). Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, age, terminal illnesses, and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," and family circumstances whereby the defendant would be the only available caretaker for a minor child or spouse. However, post-*Aruda*, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise," regardless of whether they are specifically enumerated in U.S.S.G. § 1B1.13. *Aruda*, 993 F.3d at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)). The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade-*

*Waiver*, 2:99-cr-00257-CAS-3, 2020 U.S. Dist. LEXIS 69474, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III. DISCUSSION

The Court begins and ends its analysis with the extraordinary and compelling reasons Defendant proffers for release. Defendant argues that his underlying health conditions, his age, his non-violent offense, and his family circumstances provide extraordinary and compelling reasons for his release. (*See generally* MCR at 4–5). Primarily, Defendant asserts that he is the sole legal guardian of his seven-year-old son, who is currently being cared for by someone affected by COVID-19. (*Id.* at 5).

Federal district courts disagree about whether a family member's incapacity constitutes extraordinary relief to reduce a defendant's sentence. *Compare United States v. Baye*, 464 F. Supp. 3d 1178, 1190 (D. Nev. 2020) *with United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019). District courts, however, generally agree that compassionate release is not warranted "when a defendant has not shown that he or she is the only available caretaker." *See United States v. Crocker*, No. 3:16-cr-00122-HZ, 2020 U.S. Dist. LEXIS 227125, at *8 (D. Or. Dec. 1, 2020) (cataloguing cases).

In the present case, Defendant does not indicate whether he is the sole provider for his son. He indicates that he "found out about [his] son two years ago and just got full custody last year." (MCR at 16). He claims that his son's present guardian has COVID-19 and thus, needs another individual to care for his son. (MCR at 5). Though he claims that there is "no one to care for [his] son," Defendant does not explain how he is the only available caretaker or that the present guardian cannot otherwise care for his son. *United States v. Crocker*, No. 3:16-cr-00122-HZ, 2020 U.S. Dist. LEXIS 227125, at *9 (D. Or. Dec. 1, 2020) (denying compassionate release because "it is unclear whether Defendant is the only available caretaker for his mother); *United States v. Waxman*, No. CR18-175RSL, 2021 U.S. Dist. LEXIS 173551, at *19 (W.D.

Wash. Sep. 13, 2021) (denying compassionate release because the "defendant has not discussed the unavailability of other caregivers, nor has defendant established the level of incapacitation of his grandfather"). Though the Court is sympathetic, Defendant fails to demonstrate that caring for his son necessitates extraordinary relief. Defendant's additional reasons—his age, health, and the non-violence nature of his offense—also do not support granting compassionate release. Defendant is not over 70 years old, and his health conditions—mainly, his high blood pressure, hernia, and obesity—also do not warrant release. *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court denies Defendant's Motion for Compassionate Release.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 48), is **DENIED**.

Dated this  15  day of July, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT