**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:21-cr-00109-GMN-VCF-1 |
| vs. | ) | |
| | ) | **ORDER** |
| RONALD IRVING VAILS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Ronald Irving Vails's ("Defendant's") Motion for Compassionate Release, (ECF No. 55), which the Court interprets as a Motion for Reconsideration.  The Federal Public Defender's Office filed a Notice of Non-Supplementation, (ECF No. 56), and the Government filed a Response, (ECF No. 57). Defendant did not file a Reply.

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Reconsideration.

I.          **BACKGROUND**

On September 22, 2021, Defendant pleaded guilty to Count One of the Indictment: Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* Mins. Proceedings, Change of Plea, ECF No. 33); (*see also* Indictment, ECF No. 1).  On November 29, 2021, this Court sentenced Defendant to thirty months imprisonment with thirty-six months of supervision. (*See* J., ECF No. 45).  On May 4, 2022, Defendant filed his first Motion for Compassionate Release, which the Court denied on July 15, 2022. (*See* Order, ECF No. 53); (*See also* Mot. Compassionate Release ("MCR"), ECF No. 48).  Defendant is presently in custody at U.S.P. Beaumont, and again petitions the Court for compassionate release. (*See generally* Mot. Reconsideration, ECF No. 55).  The Court interprets Defendant's

1   renewed Motion for Compassionate Release as a Motion for Reconsideration of its original

2   denial order. *See United States v. Jennings*, No. 1:17-cr-00155, 2021 WL 289390, at \*1 (E.D.

3   Cal. Jan. 28, 2021) (interpreting renewed motion for compassionate release as motion for

4   reconsideration).

5   **II.        LEGAL STANDARD**

6          The Ninth Circuit has limited the grounds for reconsideration into three primary

7   categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent

8   manifest injustice; or (3) an intervening change in controlling law. *Zimmerman v. City of*

9   *Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  In general, "a motion for reconsideration should

10  not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945

11  (9th Cir. 2003).

12  **III.        DISCUSSION**

13         Defendant's first Motion for Compassionate Release argued that his underlying health

14  conditions, age, non-violent offense, and family circumstances provide extraordinary and

15  compelling reasons for his release. (Order 3:5–7).  Defendant's primary argument was that he is

16  the sole legal guardian of his seven-year-old son, who was being cared for by someone affected

17  by COVID-19. (*Id.* 3:7–9).  The Court denied the Motion because "Defendant [did] not explain

18  how he is the only available caretaker or that the present guardian cannot otherwise care for his

19  son," and Defendant's additional reasons did not warrant release. (*Id.* 3:21–22, 4:4–7).

20         Defendant's Motion for Reconsideration provides more details regarding Defendant's

21  family circumstances. (*See* Mot. Reconsideration at 4–7).  Specifically, Defendant argues that

22  his son's current caretaker may lose the financial assistance she now receives as a "temporary

23  guardian" and would face financial hardship if she were to become a "legal guardian." (*Id.* at

24  5–6).  Defendant additionally asserts that other potential guardians, such as the Defendant's

25  relatives, were denied guardianship because they live outside the state of Nevada. (*Id.* at 6).

1
2
3
4
5
6

Because Defendant has identified no newly discovered evidence or change in the law, the Court interprets Defendant's motion as a motion for reconsideration based on the need to correct clear error or prevent manifest injustice.  Though the Court remains sympathetic to Defendant's family circumstances, Defendant has not demonstrated that the Court's Order was clear error or manifestly unjust.  Accordingly, the Court DENIES Defendant's Motion for Reconsideration based on his family circumstances.[1]

7
8
9
10
11
12
13
14
15
16
17
18

Defendant also alleges that the Bureau of Prisons has failed to appropriately house Defendant. (*See* Mot. Reconsideration at 7–12).  Defendant acknowledges that the Court's recommendations to the Bureau of Prisons on where to house inmates are not binding. (*Id.* at 8).  Indeed, "a designation of a place of imprisonment under [18 U.S.C. § 3621] is not reviewable by any court." 18 U.S.C. § 3621(b).  Defendant's housing placement does not present an adequate reason to reconsider the Court's decision on compassionate release, nor is a motion for compassionate release the proper avenue for challenging Defendant's conditions of confinement absent compelling reasons, such as specific medical needs that cannot be met in Defendant's facility. *See* USSG § 1B1.13 (noting that "extraordinary and compelling reasons" for compassionate release include medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover").  Accordingly, the Court denies Defendant's

19

20
21
22
23
24
25

[1] Even if the Court were to treat Defendant's motion as a new motion for compassionate release rather than a motion for reconsideration, the Court would still deny relief.  The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence; and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13; *see also United States v. Caitano*, No. CR 18-00167 HG-02, 2022 WL 16553362, at *2 (D. Haw. Oct. 31, 2022) (noting that defendants must exhaust administrative remedies for subsequent motions for compassionate release).  Defendant did not exhaust his administrative remedies, and the Court is not persuaded that administrative remedies were unavailable to Defendant.  Defendant's only evidence that he was denied access to administrative remedies is the declaration of a fellow inmate who merely states that he "[has] not observed" Defendant's counselor provide the requested documents to Defendant. (*See* Declaration of Clarence Clark ¶¶ 2–4, Ex. C to Mot. Reconsideration, ECF No. 55).  Moreover, Defendant has failed to demonstrate that he is the only available caretaker for his son. *See United States v. Crocker*, No. 3:16-cr-00122-HZ, 2020 WL 7079132, at *3 (D. Or. Dec. 1, 2020) ("[W]hen a defendant has not shown that he or she is the only available caretaker, compassionate release is not warranted.").

Motion for Reconsideration based on his housing placement.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 55), interpreted as a Motion for Reconsideration, is **DENIED**.

Dated this __14__ day of December, 2022.

 

 

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT